# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV202--MU

| | |
|---|---|
| DARLENE M. KANE,<br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>      Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss ..." (document #8) and "Memorandum in Support ..." (document #9), both filed March 8, 2007; and the pro se Plaintiff's "Motion Not to Dismiss ..." (document #15) filed March 16, 2007, which the Clerk of Court correctly docketed as a Response to the Defendant's Motion. Defense counsel has informed chambers' staff that the Defendant will not file a reply brief.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Defendant's Motion to Dismiss" (document #8) be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

Sometime prior to December 3, 2003, the Plaintiff filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), based on an alleged onset date of February 2, 2000. The Plaintiff's application was denied initially, and

on August 27, 2004, was denied at the reconsideration level of the administrative process.

Paul Halse, the Defendant's Acting Chief of Court Case Preparation and Review Branch 2, avers that the administrative record shows that the Plaintiff took no further action concerning her application, that is, she never requested an administrative hearing (the next step in the administrative process) or sought review by the Appeals Council (the final step in the administrative process). See "Declaration of Paul Halse" at 2-3, Exhibit 1 to Defendant's "Memorandum in Support ..." (document #9).

On May 5, 2006, the Plaintiff filed this civil action purporting to appeal the Defendant's decision to deny her application for benefits.

On May 5, 2006, the District Judge to whom this case is assigned (the Honorable Graham C. Mullen) granted the Plaintiff leave to proceed informa pauperis. See "Order" (document #3) (granting the Plaintiff's "Motion to Proceed Informa Pauperis"). The Plaintiff failed, however, to name the Commissioner of the Social Security Administration as the Defendant, instead misidentifying the Defendant as "Social Security Income Disability" and giving the address of the local Social Security Administration hearing office, rather than the Commissioner's address and/or the United States Attorney's Office, as the address for service of the Summons. Accordingly, the Defendant was not served with the Summons and Complaint during the initial 120-day period for service of process.

On February 7, 2007, the Plaintiff filed a "Motion for Entry of Default" (document #5).

On February 8, 2007, the undersigned denied the Plaintiff's Motion for Entry of Default, but in light of her pro se status, also substituted the Commissioner as the proper party Defendant and directed the Clerk of Court to amend the case caption to reflect the correct Defendant and to reissue

the Summons to the Defendant.  See "Order" (document #6).

On February 20, 2007, the Defendant was properly served, and on March 8, 2007, the Defendant filed his Motion to Dismiss, which has been briefed as set forth above and is now ripe for the Court's consideration.

## II. DISCUSSION

The exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II of the Social Security Act is provided for and limited by 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty-days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow....

42 U.S.C. § 405(g). The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977). Although the term "final decision" remains undefined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975).

The Commissioner has adopted regulations that require a claimant to complete a four-step administrative review process in order to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a). See also Sanders, 430 U.S. at 102 ("[t]he Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]"). If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. See 20 C.F.R. §§ 404.905, 404.921, 404.955, and 404.98l.

Under the Commissioner's regulations, an individual claiming entitlement to benefits first

3

receives an initial determination.  20 C.F.R. § 404.902.  If dissatisfied with this determination, the claimant may request reconsideration.  20 C.F.R. § 404.907.  If the claimant is dissatisfied with the reconsidered determination, he or she may request a hearing before an ALJ.  20 C.F.R. § 404.929. If the ALJ's hearing decision is unsatisfactory to the claimant, he or she may request a review of the decision by the Appeals Council.  20 C.F.R. § 404.967.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the request for review and issue its own decision.  20 C.F.R. § 404.981.  In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action.  Id. See also 20 C.F.R. § 422.210.

In short, prior to seeking judicial review of the Commissioner's decision to deny her application of Social Security benefits, a claimant must fully exhaust her administrative remedies, resulting in the issuance of a final decision, either when the Appeals Council issues a decision or denies the claimant's request for review.  See 20 C.F.R. §§ 404.922 and 422.210

Accordingly, because the Plaintiff failed even to pursue her administrative remedies beyond the reconsideration stage, much less receive a final decision from the Commissioner, the Defendant's Motion to Dismiss must be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendant's Motion to Dismiss" (document #8) be **GRANTED** and the Complaint **DISMISSED WITH PREJUDICE**.

4

## VI.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).   Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the Defendant; to the pro se Plaintiff, that is, to Darlene M. Kane, 605 Bethpage Road, Kannapolis, North Carolina  28081; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED.**

Signed: April 3, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge