IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv280

| | | |
|---|---|---|
| DARLENE MARTIN KANE | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security Administration, | ) | |
|     Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration of the Court's April 24, 2007 Order. (Document #21). For the reasons set forth below, Plaintiff's Motion is DENIED.

In her Motion for Reconsideration, Plaintiff argues three separate bases for reconsideration. The Court will address each argument individually.

First, Plaintiff asserts that her response to the Magistrate Judge's Memorandum and Recommendation was, in fact, within the time period allowed for responses. Magistrate Judge Horm filed his Memorandum and Recommendation with this Court on April 3, 2007. Pursuant to 28 U.S.C. § 636(b)(1)©, written objections to the memorandum and recommendation must be filed within 10 days of service of the memorandum. Plaintiff submitted her response April 16, 2007, which was outside the allowed time period. Plaintiff argues that since her response was docketed by the Clerk's Office, the Court, in effect, accepted her response and should consider it as part of the record. In our courthouse, the Clerk's Office accepts and dockets any correspondence received from a party in a case, regardless of whether or not the correspondence complies with the procedural guidelines set forth in the local rules. Here, Plaintiff's response was properly accepted and docketed by the Clerk's Office but because it was filed outside the time allowed, it cannot be considered as part of the record.

The Court does note, however, that even if it were to consider Plaintiff's response to the memorandum and recommendation as part of the record, Plaintiff does not make any arguments in that response that would affect the outcome of this case.

Second, Plaintiff correctly notes that the current Commissioner of Social Security Administration is Michael Astrue, not Jo Ann B. Barnhart. While the Court was mistaken to include Ms. Barnhart instead of Mr. Astrue as the Defendant (and will issue an order correcting that error), the mistake does not change the reasoning behind or conclusion of the Order.

Finally, Plaintiff argues that her case was incorrectly referred to a Magistrate Judge. The Court referred this case pursuant to 28 U.S.C. § 636(b)(1)©, which allows a District Court Judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." Therefore, this Court was acting within its duties to refer this case to the Magistrate Judge.

Since Plaintiff's Motion to Reconsider fails to allege any facts that would change this Court's acceptance of the Memorandum and Recommendation presented by the Magistrate Judge,

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration is hereby DENIED.

IT IS FURTHER ORDERED that Defendant in the Court's April 24, 2007 Order be changed to MICHAEL J. ASTRUE.

Signed: July 25, 2007

Graham C. Mullen
United States District Judge